IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARTIN RECIO,

       Plaintiff,

v.                                                                                  CV 13-828 WPL

CAROLYN W. COLVIN, *Commissioner*
*of the Social Security Administration*,

       Defendant.

## ORDER GRANTING MOTION FOR ATTORNEYS' FEES

Martin Recio filed a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). (Doc. 25.) The Social Security Administration ("SSA") takes no position on this motion as it is not the true party in interest. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). For the reasons explained below, I grant Recio's motion.

### BACKGROUND

Recio filed a claim for disability, disability insurance benefits, and supplemental security income. After his claim was denied at all administrative levels, he brought an action for judicial review, represented by Michael D. Armstrong and Francesca J. MacDowell of the Michael D. Armstrong Law Office, LLC ("Armstrong Law Office"). Concluding that the administrative law judge ("ALJ") failed to apply the correct legal standards, I remanded the matter to the SSA for a rehearing. Recio then filed an unopposed motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 21.) I granted the motion and awarded $5,779.00 in attorney fees. (Doc. 24.)

On remand, the ALJ issued a fully favorable decision dated July 17, 2015, finding that Recio has been disabled since December 12, 2008. (Doc. 25 Ex. A.) A Notice of Award was subsequently sent to Recio on September 21, 2015, stating that the SSA had withheld $15,968.00 to cover Recio's attorneys' fees and that the agency "usually withhold[s] 25 percent of the total past-due benefits" for this purpose. (Doc. 25 Ex. B at 5.)

On November 24, 2015, the Armstrong Law Office filed the instant motion seeking attorneys' fees pursuant to 42 U.S.C. § 406(b). Noting that counsel was awarded $6,000.00 in fees for work performed before the SSA, the firm now seeks $9,968.00 under § 406(b) for services rendered in the United States District Court. (Doc. 25.)

## LEGAL STANDARDS

Attorneys' fees may be deducted from a successful social security claimant's award of past-due benefits. Separate subsections of 42 U.S.C. § 406 authorize fee awards for representation before the SSA and in court, allowing attorneys to receive fees for their work in both settings. *See* 42 U.S.C. § 406(a), (b).

For representation before the SSA, the statute permits an attorney to file a fee petition or a fee agreement with the agency "whenever the Commissioner . . . makes a determination favorable to the claimant . . . ." 42 U.S.C. § 406(a). There is no express limit to the fees an attorney may seek and receive in a petition; the Commissioner must only "fix . . . a reasonable fee," *id.*, while considering several factors. *See* 20 CFR § 404.1725(b) (2015) (outlining the factors); *see also Gisbrecht*, 535 U.S. at 794 (explaining the fee petition process). For fees received pursuant to a fee agreement for work before the SSA, attorneys may currently receive a

2

maximum award of the lesser of $6,000 or 25% of the past-due benefits. 42 U.S.C. § 406(a)(2)(A).[1]

For representation in court, courts may award fees under § 406(b) when, as in this case, "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). The statute limits a fee award for representation before a court to 25% of the claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). Separate awards of attorney fees for representation before the SSA and in court—for example, fees pursuant to the EAJA and § 406(b)—are not limited to an aggregate of 25% of past-due benefits. *Wrenn v. Astrue*, 525 F.3d 931, 936-38 (10th Cir. 2008). However, if fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *McGraw*, 450 F.3d at 497 n.2 (10th Cir. 2006).

While § 406(b) permits contingency fee agreements, it requires the reviewing court to act as "an independent check" to ensure that fees awarded pursuant to such agreements are reasonable. *Gisbrecht*, 535 U.S. at 807. Fee agreements are flatly unenforceable to the extent that they provide for fees exceeding 25% of past-due benefits, but fees may be unreasonable even if they fall below this number, and there is no presumption that fees equating to 25% of past-due benefits are reasonable. *Id.* at 807 n.17. The attorney seeking fees bears the burden of demonstrating the reasonableness of the fee. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808. If the attorney is responsible for delay, the fee

---

[1] Although the statute initially set a maximum amount of $4,000, it also gives the Commissioner the authority to increase this amount. 42 U.S.C. § 406(a)(2)(A). Effective June 22, 2009, the Commissioner increased the maximum amount to $6,000. Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080-02 (Feb. 4, 2009).

may be reduced so that the attorney does not profit from the accumulation of benefits while the case was pending in court. *Id.* Such a reduction also protects the claimant, as fees paid under § 406(b) are taken from, and not in addition to, the total of past-due benefits. 42 U.S.C. § 406(b)(1)(A). The fee may also be reduced if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht*, 535 U.S. at 808. A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for noncontingent-fee cases. *Id.*

The statute does not contain a time limit for fee requests. However, the Tenth Circuit has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505 (citation omitted).

### REASONABLENESS DETERMINATION

The $9,968.00 sought by the Armstrong Law Office represents 15.61% of the total past-due benefits as described in the Notice of Award, and thus it does not exceed the statutory cap. The firm's fee agreement with Recio entitles it to no more than 25% of all past-due benefits. (Doc. 25 Ex. D.) Assuming that the SSA pays the Armstrong Law Office $6,000.00 under § 406(a) for representation before the agency, the sum of that fee and the amount sought here totals 25% of the past-due benefits.

Armstrong and MacDowell also attached to the motion two affidavits discussing the work performed for Recio before the Court. (Doc. 25 Ex. C.) Although Armstrong and MacDowell assert that they do not perform hourly work, they note that a total of 30.75 hours of attorney time were spent on representing Recio before the Court. (Doc. 25.)[2] The fee requested under § 406(b) thus amounts to about $324.16 per hour, which is within the range of fees approved in this

---

[2] This breakdown is consistent with that provided by the Michael D. Armstrong Law Office in affidavits attached to their motion for attorneys' fees pursuant to the EAJA. (Doc. 21 Exs. A, B.)

4

District in the past. *See, e.g.*, *Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1175-76 (D.N.M. 2005). The affidavits also discuss Armstrong and MacDowell's extensive experience and expertise in social security work, which this Court has acknowledged in the past. *See Saiz v. Barnhart*, No. CV 01-858 JAP/RHS, Doc. 36 at 1 (D.N.M. Aug. 10, 2004).

I also recognize the inherent risk that this and other firms take when regularly representing social security claimants on a contingency basis. *See Faircloth*, 398 F. Supp. 2d at 1173 (citation omitted) (noting that perhaps 35% of claimants appearing at the federal court level will obtain benefits). Courts are generally more inclined to accept even "an amount that would seem untenable in an hourly rate arena" when accounting for such risk of loss. *See id.* at 1174.

Importantly, I see no evidence of delay on the Armstrong Law Office's part in these proceedings. Indeed, approximately nine months passed between the time that Recio filed his complaint in this Court and the time that the SSA moved to remand the case. The Armstrong Law Office never requested any extensions of time on Recio's behalf.

Finally, I recognize that the past-due benefits award of $63,872.00 seems at first glance to be somewhat large considering the time invested in this case. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)). That said, a court should not "penalize [a claimant]'s attorneys for representing their client more efficiently than a less experienced attorney might." *Faircloth*, 398 F. Supp. 2d at 1174. Having reviewed several recent awards of attorneys' fees under § 406(b), I find that the fee award requested here is not so outside the norm as to be unreasonable. *See Feldbusch v. Astrue*, No. CV 10-1081 MV/KBM, Doc. 32 (D.N.M. Feb. 7, 2014) (awarding $8,604.50 in § 406(b) attorneys' fees for 20.4 hours of work yielding approximately $74,418 in past-due benefits);

*Marlin v. Astrue*, No. CV 10-0049 DJS, Doc. 27 (D.N.M. May 31, 2011) (awarding $9000.00 in § 406(b) attorneys' fees for 20.4 hours of work yielding $81,475 in past-due benefits).

Having considered the above factors, I conclude that the Armstrong Law Office's request for attorneys' fees is reasonable. I further note that the firm's motion was filed within six months of Recio receiving his Notice of Award, a time frame that I also find to be reasonable.

## CONCLUSION

For the foregoing reasons, the motion for attorneys' fees in the amount of $9,968.00 pursuant to 42 U.S.C. § 406(b) is GRANTED. The firm shall refund the EAJA award to Recio, pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986), because the award of $9,968.00 under the § 406(b) is larger. The firm shall refund the EAJA award to Recio minus sales tax and advanced costs.

IT IS SO ORDERED.

*[signature]*
William P. Lynch
United States Magistrate Judge